**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARTURO REGALADO, *INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED*,

      Plaintiff,

v.                                                     No. 2:22-cv-00012-MIS/DLM

ALBUQUERQUE MAIL SERVICE, INC.,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION CONCERNING
PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT, REASONABLE ATTORNEY'S FEES, PLAINTIFF'S SERVICE
AWARD AND DISMISSAL OF ACTION WITH PREJUDICE**

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Approval of
Settlement Agreement, Reasonable Attorney's Fees, Plaintiff's Service Award and Dismissal of
this Action with Prejudice (Motion to Approve), which was filed on March 20, 2023. (Doc. 29.)
Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
Honorable Margaret I. Strickland, United States District Judge for the District of New Mexico,
referred this matter to the undersigned for a recommended disposition. (Doc. 31.) On May 11,
2023, Plaintiff requested a hearing on his Motion to Approve. (Doc. 32.) Having reviewed the
relevant pleadings as well as the Motion to Approve and attached exhibits, the Court finds that a
hearing regarding the Motion to Approve would not materially assist the Court in providing these
Proposed Findings and Recommended Disposition.

Based on the Court's review of the record, applicable law, and for the reasons explained
below, the settlement between the parties does not require Court approval. Thus, I recommend that
the parties be given an opportunity to file a Joint Notice to the Court stating whether they still

desire the Court's review of the merits of the settlement and, if so, why this matter requires review. I further recommend that if the parties no longer desire a judicial review of the merits of the agreement, the parties be ordered to inform the Court that all claims have been resolved and either file a Joint Motion to Dismiss or stipulate to a dismissal of the matter under Rule 41(b) of the Federal Rules of Civil Procedure.

## I.    Background

Plaintiff Arturo Regalado filed this case on January 6, 2022, on behalf of himself and others similarly situated, defined as "current and former delivery driver[s]" employed by Defendant Albuquerque Mail Service Inc. (AMS). (Doc. 1 ¶ 2.) As outlined in the Complaint, Regalado asserts that he and other similarly situated delivery drivers were paid a flat day-rate and not the required overtime pay for hours worked in excess of 40-hours in a seven-day work week. (*Id.* ¶ 7.) This failure on the part of AMS is alleged to be a violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19, and the New Mexico Minimum Wage Act (NMMWA), N.M. Stat. Ann. §§ 50-4-19–30 (1978). The Complaint seeks all damages allowed under the FLSA and NMMWA including back wages, attorney's fees, and costs. (Doc. 1 ¶ 4.) Regalado brings his FLSA claims as a collective under 29 U.S.C. § 216(b), and his NMMWA claims as a class action under Rule 23 of the Federal Rules of Civil Procedure. (Doc. 1.) AMS denies the allegations and affirmatively asserts that Regalado and the putative collective were properly compensated. (Doc. 10.)

Through a series of Orders, Plaintiff was given until September 13, 2022, to move to conditionally certify a FLSA collective. (Docs. 13; 15; 18.) Rather than move for conditional certification of the FLSA claims or class certification of the NMMWA claims, the parties conferred several times to discuss their opposing positions concerning the case and engaged in informal discovery. (*See* Doc 29 at 2.) Ultimately, on October 17, 2022, the parties participated in a private

mediation. (*See id*.) The mediation resulted in an agreement to resolve the litigation on a collective/opt-in basis for 69 identifiable potential collective members. (*See id.* at 3.) The parties notified the Court of the settlement, requesting they be given until March 20, 2023, to submit a motion for conditional approval of the settlement. (Doc. 26.) On February 23, 2023, Chief United States Magistrate Judge Gregory B. Wormuth entered an Order giving the parties until March 20, 2023, to file their Motion to Approve. (Doc. 29.)

The Motion to Approve and attached exhibits denote that, under the terms of the settlement, each of the 69 putative members of the collective would be notified of their individual opportunity to claim a specific portion of the net settlement funds in exchange for their release. (Docs. 29 at 3–4; 29-1-A; 29-1-B.) Should a putative member decide to reject the amount allocated to them, that person could proceed without releasing the claim. (*See* Doc. 29 at 3–4.) In other words, the settlement is not binding on any member of the putative collective unless they opt in. Indeed, each potential member will receive an individual settlement offer that they may accept or reject. (*See* Doc. 29-1-B.)

In total, the settlement amounts to $370,000.00. (Doc. 29 at 3.) Of the $370,000.00, Plaintiff's counsel would deduct their contingency fee—40 percent—plus costs. (*Id.* at 3, 12.) Additionally, Regalado would be entitled to an additional $5,000.00 of the settlement proceeds as a service award. (*Id.* at 3, 12, 15, 20.)

## II.   Need for Judicial Approval of FLSA Settlement Agreements[1]

The FLSA's primary worker protections guarantee covered employees a federal minimum

---

[1] Regalado's Complaint also asserts potential class action claims under the NMMWA. However, Rule 23 of the Federal Rules of Civil Procedure only requires court approval of a settlement of a suit involving "a certified class—or a class proposed to be certified for purposes of settlement . . . ." Fed. R. Civ. P. 23(e). Here, there are no issues related to a certified class or a class to be certified for purposes of a settlement. As a result, this PFRD focuses on whether the Court needs to approve the proposed FLSA settlement agreement.

wage and provides those same employees the right to overtime at one-and-a-half their regular pay for any time worked over 40-hours in a week. *See* 29 U.S.C. §§ 206-207. The FLSA also provides a private right of action for alleged violations. *Id.* § 216(b). However, nothing in the text of the FLSA requires court approval of a settlement of a claim brought pursuant to 29 U.S.C. § 216. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019). Neither the Unites States Supreme Court nor the Tenth Circuit have addressed the need for judicial approval of FLSA settlements. *See id.* at 405–06 (discussing Supreme Court cases concerning court approval of FLSA claims); *Hawthorn v. Fiesta Flooring, LLC*, No. 19-CV-019 WJ/SCY, 2020 WL 3085921, at *1 (D.N.M. June 10, 2020) (noting the Tenth Circuit has yet to rule on the need for judicial approval of FLSA settlements).

On several occasions, judges in this district have analyzed the issue of whether private settlements involving genuine disputes between employees and their employers are sound and enforceable absent Department of Labor or judicial approval. In 2022, the Court in *Coronado v. Flowers Foods, Inc.* approved a Proposed Collective Action Settlement where the parties requested approval and did not assert that approval was not required. No. 19-CV-350 JCH/KK, 2022 WL 2048481, at *1 (D.N.M. June 7, 2022). At other times, however, the Court has held that judicial approval was not necessary for a private settlement in FLSA matters having bona fide disputes between the employer and employee regarding hours worked or compensation. *See Diagle v. Turnco Enters., LLC*, No. 22-CV-652 SMV/GBW, 2022 WL 3139081, *3 (Aug. 5, 2022) (FLSA settlement agreement did not require court approval); *Price v. Devon Energy Corp.*, No. 20-CV-316 KWR/GJF, 2021 WL 2312537, *1 (D.N.M. May 24, 2021) (holding that court was not required to approve a FLSA settlement or conduct fairness hearing); *Riley v. D. Loves Rest., LLC*, No. 20-CV-1085 WJ/KK, 2021 WL 1310973, *4 (D.N.M. Apr. 8, 2021) ("[J]udicial approval is

not required for private settlements of claims brought under the FLSA, where the parties' agreement resolves bona fide disputes regarding [] hours worked or compensation due rather than waiving or releasing . . . substantive rights under the [FLSA]."); *Hawthorn*, 2020 WL 3085921, at *1 (court approval not needed for settlement agreement resolving bona fide FLSA dispute related to amount of hours worked or compensation due). Thus, in circumstances similar to this, it is the prevailing view in this district that the Court need not be involved in the approval of an FLSA settlement.

### III.   Analysis

Judicial approval of a private settlement agreement involving a bona fide FLSA dispute is unnecessary where the dispute relates to either the number of hours worked or to compensation, and not to a release of the employee's substantive rights themselves. The dispute in this matter involves compensation and, consistent with the majority of caselaw in this district, does not require judicial approval of the proposed settlement.

Regalado's suit is a putative collective action made up of former and current delivery drivers who worked for AMS during a certain period and who are seeking to recover overtime under the FLSA and NMMWA. (Docs. 1; 29.) AMS denies that Regalado and members of the putative collective were improperly paid under either the FLSA or NMMWA. (Doc. 10 at 8–9.) Regalado has been represented by counsel since the inception of this case. During that time, the parties were involved in several meet and confers, engaged in informal discovery, and were able to identify the putative collective. (*See* Doc. 29 at 2.) Indeed, through these actions the parties were able "to accurately calculate the scope of [AMS's] exposure in the case." (*Id.*) Then, on October 17, 2022, the parties engaged in an arm's length settlement conference resulting in a settlement using a collective/opt-in framework for 69 identifiable putative members. (*Id.* at 3.)

Based on the record, the parties have settled a bona fide dispute concerning compensation owed to the putative FLSA collective. Additionally, there does not appear to be any issues with the way the parties negotiated and agreed to the settlement. Regalado has yet to move for certification of a collective or a class action. Importantly, the settlement agreement only binds those members of the potential FLSA collective who accept the personalized settlement offer and execute the release of their wage and hour claim. (*Id.* at 4.) Under the terms of the settlement agreement, any potential members of the collective can decline the individualized payment and proceed with a claim directly against AMS. (*Id.*) *See also Riley*, 2021 WL 1310973 at *4 (noting opt-in settlement agreement resolved only those claims). Judicial approval of the Motion to Approve and the settlement agreement is not required. *See Hawthorn*, 2020 WL 3085921, at *3 (court approval of settlement agreement not needed under similar circumstances).

Consequently, for the reasons expressed, I recommend finding that Motion to Approve the settlement agreement between the parties does not require judicial approval.

## IV.    Conclusion and Recommendation

Having considered the Motion to Remove and applicable case law I recommend that: (1) the Court defer ruling on the Motion to Approve pending the receipt of a Joint Notice by the parties indicating whether they still desire the Court review the merits of the settlement agreement; (2) if the parties still desire judicial review of the settlement agreement, their Joint Notice must state why, under the circumstances of this matter, the review is warranted; and (3) if the parties no longer desire a judicial review of the merits of the agreement, the parties should then inform the Court that the matter has been resolved and either file a Joint Motion to Dismiss or stipulate to a dismissal of the Matter under Rule 41(b) of the Federal Rules of Civil Procedure.

**THEREFORE, IT IS RECOMMENDED** that the ruling on Plaintiff's Unopposed Defendants' Motion to Approve (Doc. 29) be **DEFERRED**.

**IT IS FURTHER RECOMMENDED** that by **June 8, 2023**, the parties file a Joint Notice indicating whether they still wish for the Court to review the merits of the settlement agreement and, if so, advise the Court why under the circumstances judicial review is required.

**FINALLY, IT IS RECOMMENDED** that if the parties no longer desire a judicial review of the merits of the agreement, the parties shall then inform the Court that the matter is resolved and either file a Joint Motion to Dismiss or stipulate to a dismissal of the Matter under Rule 41(b) of the Federal Rules of Civil Procedure.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**DAMIAN L. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**